**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 95-20591 c/w No. 95-20804
Summary Calendar

---

SECURITIES AND EXCHANGE COMMISSION

Plaintiff-Appellee

VERSUS

KARL DAHLSTROM ET AL

Defendants

KARL DAHLSTROM

Defendant-Appellant

---

Appeal from the United States District Court
For the Southern District of Texas
(92-CV-2992)

---

December 15, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Karl Dahlstrom has appealed the district court's order denying his motion for reconsideration of the district court's nunc pro tunc order requiring disgorgement of funds received by Dahlstrom as

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a result of the sale of stock of two corporations in violation of the securities laws. Dahlstrom contends that his disgorgement obligation was discharged in bankruptcy. The resolution of this issue involves the interpretation of statutory law and we therefore review de novo. See In re Reading Co., 115 F.3d 1111, 1123-24 (3d Cir. 1997) (stating that question whether corporation's obligation under CERCLA had been discharged in bankruptcy was subject to plenary review); see also In re Bruner, 55 F.3d 195, 197 (5th Cir. 1995) (district court's interpretation of Bankruptcy Code on review of bankruptcy court's ruling on dischargeability complaint was reviewed de novo.) Based upon a careful review of the applicable law, the arguments of the parties and the record on appeal, we hold that Dahlstrom's obligation under the securities laws to disgorge the funds was not discharged in Dahlstrom's bankruptcy.

The bankruptcy code provides for the discharge of all debts that are the personal property of the debtor which arose before debtor filed for bankruptcy. See 11 U.S.C. §§ 524 and 727(b). Debt is defined as "liability on a claim," 11 U.S.C. § 101(12), and "claim" is described broadly to include a "right to payment". 11 U.S.C. § 101(5); see In re Southmark, Inc., 88 F.3d 311, 317 (5th Cir. 1996), cert. denied, 117 S. Ct. 686 (1997). Since the Bankruptcy Code does not define "right to payment", when such rights arise is determined by non-bankruptcy state or federal substantive law. See Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1274 (5th Cir. 1994). The federal securities laws make

2

clear that the SEC's "right to payment" for bankruptcy purposes arose at the time Dahlstrom committed the acts which gave rise to the claim for disgorgement.

Dahlstrom's Chapter VII bankruptcy petition was filed on August 1, 1990. The SEC's statement of undisputed facts filed in connection with the motion for summary judgment provides that the stock offerings complained of in its complaint were made between April 10, 1991, and December 5, 1991. These events occurred after the filing of the bankruptcy.

Dahlstrom also argues that the district court erred in failing to stay execution of its nunc pro tunc order pending appellate review. Because Dahlstrom's substantive appeal is without merit, he cannot show that the district court abused its discretion in refusing to stay enforcement of the disgorgement order.

AFFIRMED.